# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **PATSY D. RAINS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-3935-VEH |
| | ) |
| **HERITAGE OPERATING, L.P.** | ) |
| d/b/a **HERITAGE PROPANE, and** | ) |
| **TITAN PROPANE, LLC,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiff initiated this job discrimination case under the Age Discrimination in Employment ("ADEA") on November 16, 2011. (Doc. 1). Pending before the court is the Motion To Dismiss Defendants Energy Transfer Partners, L.P. ("ETP") and Titan Propane, LLC ("Titan") (Doc. 15) (the "Motion") filed on February 21, 2012.

Plaintiff filed her opposition to the Motion (Doc. 16) on March 8, 2012. ETP and Titan followed with their reply (Doc. 17) on March 19, 2012. For the reasons explained below, the Motion, as modified by Defendants' reply, is **GRANTED**.

**II.   Standard**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed.

R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of

2

Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. Analysis

Initially, the Motion sought a dismissal of ETP and Titan on the grounds of Plaintiff's failure to exhaust her administrative remedies. (Doc. 15 ¶ 6). However, as modified by the reply, the Motion now seeks only a dismissal of ETP in light of Plaintiff's joint employer argument raised with respect to Titan. (Doc. 17 ¶ 2 ("Although Titan still maintains it should not be a defendant in this case, we will make no further arguments in the context of the instant Motion to Dismiss, which is based solely on the allegations of the complaint.")); (*id.* ¶ 4 ("[T]he result of Plaintiff's Responsive Submission should be to dismiss ETP from the case, deny the motion as to Titan, and grant the parties a reasonable period of time to conduct discovery.")).

Regarding the dismissal of ETP, the Motion contends that because Plaintiff did

not ever file a charge of discrimination against it, the doctrine of administrative exhaustion precludes her from proceeding against it in her federal lawsuit which is presently pending before this court. (Doc. 15 ¶ 6). The law is well-settled that an employee must timely pursue and exhaust her administrative remedies as a precondition to filing an employment discrimination suit under the ADEA. *See Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit." (citing 29 U.S.C. § 626(d)(2))). Further, when a defendant raises an issue relating to administrative exhaustion, "the plaintiff[] bear[s] the burden of showing that they have met the requirement." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

Finally, though required, exhaustion of administrative remedies is not a "jurisdictional requirement" such that noncompliance would divest the court of subject matter jurisdiction. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *see also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1003 (11th

Cir. 1982) (citing *Zipes* and concluding "that the conditions precedent to filing a Title VII suit are not jurisdictional prerequisites").

The court has studied Plaintiff's EEOC charge. (Doc. 1 at Ex. A at 19). "Heritage Propane" is the only employer expressly identified on the charge. (*Id.*). Additionally, the attachment to the charge makes no reference to ETP. (*Id.* at 20-22).

Moreover, Plaintiff has not contended that exhaustion should not apply with respect to ETP, and the court is not responsible for fashioning such an argument for her. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *Solutia Inc. v. McWane, Inc.*, ___ F.3d ___, No. 10–15639, 2012 WL 695007, at *6 (11th Cir. Mar. 6, 2012) (same).

Instead, Plaintiff only specifically contests the dismissal of Titan. (Doc. 16 ¶ 9 ("Plaintiff's counsel reviewed Plaintiff's file and discovered that although Plaintiff's Earnings Statement was issued by Heritage Propane Payroll Account (Ex. A), the Employment Separation Agreement and Release of All Claims ("Agreement") offered to Plaintiff at termination named Titan as 'the Company.'") (emphasis omitted)); (*id.* ¶ 10 ("For example, in the present case, Heritage Operating L.P. and Titan Propane, LLC may be joint employers doing business as Heritage Propane.")).

5

Therefore, the court finds that a dismissal of ETP is appropriate both from a merits standpoint and due to Plaintiff's abandonment of the issue with respect to that particular entity.

### III.  Conclusion

The Motion is **GRANTED** as modified by the reply, and ETP is **HEREBY DISMISSED** from this lawsuit.  Further, Heritage Operating, L.P. d/b/a Heritage Propane is **HEREBY SUBSTITUTED** in as a correctly named party defendant (*see* Doc. 15 ¶ 7), in addition to Titan, which entity shall remain in the lawsuit as a separate party defendant at this time.  Accordingly, all future proceedings in this case should use the above case caption.

**DONE** and **ORDERED** this the 29th day of March, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge